Scovern v. Schevlen et al., 209 Ill. App. 170.

## Abstract of the Decision.

BONDS, § 23*—when bank is not innocent purchaser of bond without notice. Where a depositor in a bank purchased a certain negotiable bond with funds of her deposit account, the president of the bank acting as her representative in the transaction and the cashier of the bank as the fiscal agent of the bank, and a few days later the president negotiated a sale of the bond to the bank, the cashier again acting as the fiscal agent of the bank in the transaction, and the cashier failed to make inquiry as to the president's authority to sell the bond to the bank, the bank was not an innocent purchaser without notice.

----

**James G. Scovern, trading as J. G. Scovern & Company, Appellee, v. Sam Schevlen and Isadore Mackavich, trading as Schevlen Produce Company, Appellants.**

### Gen. No. 22,911.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

## Statement of the Case.

Action by James G. Scovern, trading as J. G. Scovern & Company, plaintiff, against Sam Schevlen and Isadore Mackavich, trading as Schevlen Produce Company, defendants. From a judgment for plaintiff, defendants appeal.

DAVID JACOBSON, for appellants; ALVIN E. STEIN, of counsel.

HENRY B. SPURLOCK, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Scovern v. Schevlen et al., 209 Ill. App. 170.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. PARTNERSHIP, § 51*—*when admissions as to by one partner are admissible.* Admissions of a copartnership made by one defendant out of the presence of the other are admissible as to the one making them, in an action against two defendants as copartners.

2. PARTNERSHIP, § 32*—*what does not affect rights of person dealing with.* The fact that there was a corporation of the same name as that of a copartnership was immaterial where the party dealing with the business was ignorant of it and was induced to do business with those engaged in it holding themselves out as partners under that name.

3. PARTNERSHIP, § 48*—*when representations as to existence of are admissible.* Representations as to the copartnership of defendants sued as copartners made to others than plaintiff, of which he was ignorant, about the same time as the transactions involved with plaintiff and in similar transactions, was admissible where there was other evidence tending to establish an actual copartnership.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.